| | |
|---|---|
| KAREEM J. HOWELL,<br><br>   Plaintiff,<br><br> v.<br><br>K. CRUZ, et al.,<br><br>   Defendants. | Case No.: 1:19-cv-00782-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO LIMIT DISCOVERY TO ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES AND STAYING MERITS BASED DISCOVERY<br><br>[ECF No. 22] |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Kareem Howell is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' request to limit discovery to the issue of administrative exhaustion, filed February 4, 2020.

## I.

## RELEVANT BACKGROUND

This action is proceeding on Defendants Cruz, Borona, Raishke, and Randolph for retaliation, and against Defendant Raishke for excessive force.

On February 4, 2020, Defendants filed an answer to the complaint, and a separate request to limit discovery to the issue of exhaustion of administrative remedies. (ECF Nos. 21, 22.)

1

On February 7, 2020, the Court construed Defendants' request as a motion to limit discovery to issue of administrative exhaustion and directed Plaintiff to file a response within fourteen days. (ECF No. 23.) Plaintiff filed a response on February 24, 2020. (ECF No. 24.)

## II.

## DISCUSSION

In their motion, Defendants argue that the issue of administrative exhaustion may be dispositive based on the factual allegations set forth in Plaintiff's complaint. Defendants submit that "[p]reliminarily narrowing discovery to that issue would likely secure the just, speedy, and inexpensive determination of this action. Fed. R. Civ. P. 1." (Mot. at 1, ECF No. 22.) Defendants bring the request pursuant to this Court's inherent authority to set the timing of discovery under Federal Rule of Civil Procedure 26(d), and the Ninth Circuit's decision in Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc), that the issue of administrative exhaustion should be decided early in the proceedings. (Mot. at 2.)

In opposition, Plaintiff argues that he is excused from exhausting the administrative remedies and that Defendants must raise and prove the issue by way of filing a motion for summary judgment.

In this instance, the Court agrees with Defendants that judicial economy is best served by staying merits-based discovery and limiting any discovery to the issue of administrative exhaustion. Therefore, the Court will stay all merits-based discovery until expiration of the exhaustion motion deadline if no motion is filed or until the exhaustion motion is finally resolved.

///
///
///
///
///
///
///
///
///

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to limit discovery to the issue of administrative exhaustion is GRANTED; and

2. All merits-based discovery is STAYTED until the expiration of the deadline to file an exhaustion motion expires (if not motion is filed) or until the exhaustion motion is resolved.

IT IS SO ORDERED.

Dated: **March 4, 2020**

UNITED STATES MAGISTRATE JUDGE