UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>             Plaintiff,<br><br>    v.<br><br>K. CRUZ, et al.<br><br>             Defendant. | No.  1:19-cv-00782-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING THIS ACTION WITHOUT PREJUDICE<br><br>(Doc. Nos. 29, 36) |

Plaintiff Kareem J. Howell is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 2, 2020, defendants filed a motion for summary judgment based upon plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit as required by § 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA").  (Doc. No. 29.)  After the granting of an extension of time in which to do so, on October 13, 2020, plaintiff filed an opposition to the motion for summary judgment and a response to defendant's statement of undisputed facts.  (Doc. Nos. 31, 32, 33.)  On October 21, 2020, defendants filed a reply.  (Doc. No. 35.)

1

1       On November 13, 2020, the magistrate judge issued findings and recommendations
2  recommending that defendant's motion for summary judgment be granted due to plaintiff's
3  failure to exhaust his administrative remedies prior to filing his complaint in this action.  (Doc.
4  No. 36.)  Those findings and recommendations were served on plaintiff by mail on November 13,
5  2020 and contained notice that any objections thereto were to be filed within thirty (30) days of
6  service of the findings and recommendations.  (*Id.* at 15–16.)  On December 16, 2020, plaintiff's
7  objections to the pending findings and recommendations were filed on the docket (Doc. No. 37),
8  and on December 21, 2020, defendants filed a response to plaintiff's objections (Doc. No. 38).

9       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
10  *de novo* review of this case.  Having carefully reviewed the entire file, the court concludes that
11  the findings and recommendations are supported by the record and by proper analysis.

12      Plaintiff's principle objection to the pending findings and recommendations is that
13  defendant's motion should not be granted because he believes there is a genuine issue of material
14  fact concerning his ability to have exhausted the administrative remedies required by the PLRA.
15  (Doc. No. 37 at 3–4.)  Plaintiff raises the argument that he was unable to exhaust the inmate
16  grievance process because defendant Raschke denied him a grievance form when plaintiff
17  requested one.  (*Id.*)  However, this argument was adequately and appropriately considered
18  previously by the findings and recommendations.  (*See* Doc. No. 36 at 10–13.)  The pending
19  findings and recommendations correctly described how there were multiple other means by which
20  plaintiff could have obtained an inmate grievance form, and that plaintiff's own history of filing
21  such grievances demonstrated that he was well aware of alternate means to obtain inmate
22  grievance forms, which did not depend on the direct involvement of a staff member about whom
23  he wished to complain in his grievance.  (*Id.* at 15.)  Plaintiff has presented no persuasive
24  arguments for departing from this thorough analysis set forth in the findings and
25  recommendations.

26      Plaintiff also objects that the findings and recommendations because defendants did not
27  specify which administrative remedy he failed to exhaust.  (Doc. No. 37 at 4.)  Plaintiff is
28  mistaken, however, in this regard since defendant's motion makes clear that the exhaustion

requirement refers to the need to first pursue the administrative grievance procedure made available to a prisoner.  (*See* Doc. No. 29-3 at 1.)

Accordingly,

1. The findings and recommendations issued on November 13, 2020 (Doc. No. 36) are adopted in full;

2. Defendants' motion for summary judgment filed on September 2, 2020 (Doc. No. 29) is granted;

3. This action is dismissed, without prejudice, due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as required by the PLRA; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **January 4, 2021**

UNITED STATES DISTRICT JUDGE